EVANS, Petitioner, v. SACKS, Warden, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 6625.   Decided December 20, 1960.

*Mr. John H. Evans*, for himself.
*Mr. Mark McElroy*, attorney general, and *Mr. Aubrey Wendt*, assistant attorney general, for respondent.

For further history see *Omnibus Index* in bound volume.

Duffey, J.   Petitioner, John H. Evans, is an inmate of the Ohio Penitentiary under sentence of the Common Pleas Court of Franklin County.

Section 2901.13, Revised Code, establishes the crime of armed robbery and provides:

"No person, while armed *with a pistol, knife, or other dangerous weapon,* by force or violence, or by putting in fear, shall steal from the person of another anything of value." (Emphasis added.)

The pertinent portion of the indictment reads:

"* * * did unlawfully, and being *armed* and by force and violence rob Anthony Sabina of his pocketbook containing $48.00 and a $50.00 check and other personal papers with intent to deprive the said Tony Sabina thereof." (Emphasis added.)

The joural entry of conviction and sentence shows on its face that it was based on the crime of armed robbery.

Petitioner contends that since the indictment omits the phrase "with a dangerous weapon," as well as facts which would so import, the indictment does not validly charge the crime of armed robbery. He concedes that the indictment sufficiently states the crime of unarmed robbery. Section 2901.12, Revised Code. However, he contends that the conviction and sentence, being for a higher crime than charged, is void, and he is entitled to the writ.

The distinction between a court acting without jurisdiction in the sense of power and acting with power but erroneously is both elementary and fundamental. Traditionally, power to act as a court in an ordinary criminal case rests on jurisdiction of the person and of the subject matter (in this connection, a valid indictment). The power concept may have been expanded to include the deprivation of a substantial constitutional right which prevents a fair trial, e. g. the complete denial of the assistance of counsel. See *In re Burson* (1949), 152 Ohio St., 375.

The scope of habeas corpus in each state varies greatly. In many it may be used for errors which do not go to the power of the court. New York apparently allows habeas corpus to attack a conviction or sentence. *People, ex rel. Griffin v. Hunt, Warden* (1934), 270 N. Y. Supp., 248. However, with reference to attacks on judicial action, the law of Ohio has restricted habeas corpus to a showing of a lack of power.

In the instant case it may be assumed, although we do not so decide, that the inclusion of the mere phrase "armed" is

not sufficient to validly charge the crime of armed robbery. Yet the trial court obtained jurisdiction of the subject matter by virtue of the grand jury's return of an indictment which sufficiently charged unarmed robbery. It clearly had jurisdiction of the person. No claim was made of a violation of the requirements of due process. The actions of the trial court in trying, convicting and sentencing petitioner for armed robbery may have been a flagrant error, but the flagrance of the error does not determine the nature of the error. Since the trial court had power to issue its orders, the writ of habeas corpus is not available. Other remedies may be used under Ohio law to correct such errors, the most obvious being that of appeal.

In *Horsley* v. *Alvis*, C. A. 6th Cir. (1960), 281 F. (2d), 440, an Ohio grand jury had returned an indictment for burglary of an uninhabited dwelling. The trial court on motion of the prosecutor permitted an amendment to charge burglary of an inhabited dwelling. In a habeas corpus proceedings, the Federal Court of Appeals held that the amendment changed the character and identity of the crime, and it was therefore void. It ordered the District Court to issue the writ of habeas corpus.

The court in *Horsley, supra,* does not appear to have considered the validity of the original indictment as returned by the grand jury; nor does the court indicate on what theory that original indictment might have been vitiated by the subsequent amendment. The point is not before us in the instant case. If Horsley is authority that a conviction and sentence which does not comport with the charge in an indictment is not only erroneous but void under Ohio law, then we do not agree. *Ex Parte Larche* (1960), 171 Ohio St., 205.

The writ of habeas corpus is denied.

BRYANT, P. J., and DUFFY, J., concur.

BRYANT, P. J., concurring. I concur in the decision that the writ should be denied.

The first reason is that Evans failed to establish his right to freedom at this time, even if his contentions are valid. On Evans plea of guilty, he was sentenced for armed robbery. He contends he should have been sentenced for unarmed robbery

and that the indictment, while valid to charge unarmed robbery, was insufficient to charge armed robbery.

The maximum penalty is the same—twenty-five years—in either case, only the minimums differing. Thus for armed robbery, the penalty is from ten to twenty-five years, while for robbery (unarmed), it is from one to twenty-five years.

Evans has served less than three years and his right to release is determined by the maximum and not by the minimum sentence. Hence, Evans has many years to serve before he has a legal right to his freedom.

The second reason is that in the opinion of the writer the indictment was sufficient to charge armed robbery under the provisions of Section 2901.13, Revised Code. The heading is of course not part of the indictment but is one of the surrounding circumstances. It contained the clear statement, "Indictment for Armed Robbery." The words, "robbery," and, "armed robbery," are words easily understood and give clear notice to anyone of different offenses. Equally clear and understandable, in the opinion of this writer, is the language in the indictment which so far as here pertinent, reads as follows:

"* * * did unlawfully, *and being armed* and by force and by violence rob Anthony Sabina of his pocketbook containing $48.00 * * *." (Emphasis ours.)

Evans says the indictment should have specified what weapon he was carrying, whether a pistol, knife or other dangerous weapon.

The indictment was read to Evans including the phrase "and being armed." He pleaded guilty to robbery while armed. This is a fact which should have been within his personal knowledge. It would appear clear that had he chosen, he could have asked for a bill of particulars, requiring the state to specify and later to prove the weapon with which he was armed. For a defendant intending to contest the charge, there would be good reason for such course of action. For one intending to plead guilty to the charge, it is not apparent what benefit would accrue to Evans.

Evans had at least two courses of action open to him in the course of his trial. First, ask for a bill of particulars, and second, demur to the indictment. He did neither of these so

far as we are informed. Further, he could have stood trial, and, if convicted, could have appealed.

Having failed to avail himself of these fully adequate remedies and the indictment being, in the opinion of the writer, adequate to inform him of the nature of the accusation against him, Evans cannot now in a collateral attack raise this question. For this reason also, the writ must be denied.