Donnie E. LOWRY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 23, 1968.

Robert L. Gullette, Nicholasville, for appellant.

Robert Matthews, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Donnie E. Lowry appeals from a judgment of conviction of grand larceny. He was sentenced to serve one year in the penitentiary. The question involved on the appeal is whether the circuit court had jurisdiction to try the appellant on an indictment made after he became eighteen years of age, when he was under that age at the time of the offense and no proceeding had been commenced in the juvenile session of the county court prior to his becoming eighteen years of age.

The appellant is charged with stealing $100 from a service station on January 16, 1967. At that time appellant was approximately seventeen years and ten months old. On March 13, 1967, five days before he became eighteen years of age, he was indicted. On March 31, 1967, that indictment was dismissed. The matter was again referred to the grand jury. On June 24, 1967, appellant was reindicted, a second motion to dismiss was overruled, and he was tried and convicted.

The pertinent portion of the statute, KRS 208.020(1)(a), follows:

"(1) The juvenile session of the county court of each county shall have exclusive jurisdiction in proceedings concerning any child, living, or found, within the county and has not reached his eighteenth birthday:

(a) Who has committed a public offense, * * *."

Appellant relies on cases decided under Carroll's Kentucky Statutes, Section 331e, 1915 Edition, later incorporated in KRS 199.020 and 199.080, the pertinent part of which provided:

"(2) The county court of the several counties of this State shall have exclusive jurisdiction in all cases coming within the terms and provisions of this act."

In Mattingly v. Commonwealth, 171 Ky. 222, 188 S.W. 370, this provision was construed to mean that the juvenile court had exclusive jurisdiction over an adult who had committed an offense while still a minor.

In 1952 the juvenile court jurisdiction provision was changed to read as follows:

"Any person who is alleged to have violated or attempted to violate any federal or state law, or municipal ordinance, prior to having reached his eighteenth birthday shall, if proceedings concerning him are instituted prior to his twentieth birthday, be dealt with as provided in KRS 208.010 to 208.590 for a child." Kentucky Acts, 1952, Chapter 161, Section 2.

This "twentieth birthday" provision was repealed in 1956, and the statute was re-enacted substantially in its present form. Kentucky Acts, 1956, Chapter 157, Sections 22 and 23. It should be noted that prior to 1952, a juvenile court had exclusive jurisdiction over any person, regardless of age, who had committed an offense before reaching the age of eighteen years. By the change in the statute, the exclusive juvenile court jurisdiction was limited to "proceedings * * * instituted prior to his twen-

tieth birthday." This limitation was later omitted.

The present statute, in effect, says that the juvenile court shall have exclusive jurisdiction in proceedings concerning any child who has not reached his eighteenth birthday. It is silent concerning a person who has reached the age of eighteen years before any proceedings are instituted. This is indicative of a legislative intent to restrict proceedings in the juvenile court to persons who are proceeded against therein before becoming eighteen years of age. The exception in KRS 208.020(1) (a), which provides that a child sixteen years of age or older who commits a moving motor vehicle offense shall not be tried in juvenile court but shall be tried as any adult offender, is a further indication of a legislative intent to limit the exclusive jurisdiction of the juvenile court.

In Smith v. Commonwealth, Ky., 412 S. W.2d 256, it was recognized that since 1911, juvenile court proceedings are directed toward the rehabilitation of the juvenile and are not considered as criminal proceedings. The history of such legislation indicates such a purpose. The recent changes in the statutes defining the jurisdiction of the juvenile court confirm this conclusion. The trend in our statutes has been to restrict jurisdiction so far as criminal matters are involved.

■ The conclusion is thus reached that under the language of KRS 208.020, the juvenile court has exclusive jurisdiction only when the proceedings are instituted against a child who has not reached his eighteenth birthday. The indictment here was made after appellant's eighteenth birthday. As was pointed out by the trial court, it would be rather ridiculous to return a sixty-year-old man to the juvenile court because his crime had been committed before he had reached eighteen years of age, especially in view of the fact that the juvenile court's power to impose or maintain correctional treatment ends when the juvenile becomes twenty-one. KRS 208.200(1)(c).

Our conclusion is in harmony with the majority rule that the age of the offender at the time the proceedings are instituted should control the jurisdiction of the juvenile court. See Annotation, 89 A.L.R.2d 506. The trial court correctly so held.

Judgment affirmed.

All concur.