**Buck Edward MILLER, Petitioner,**

v.

**Reed D. ANDERSON, Judge, Pike Circuit Court, etc., Respondent.**

Court of Appeals of Kentucky.

March 7, 1975.

———◆———

Anthony M. Wilhoit, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for petitioner.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for respondent.

STERNBERG, Justice.

Petitioner seeks to have this court enjoin the Honorable Reed D. Anderson, Judge of the Pike Circuit Court, First Division, from trying him for the offense of rape. Petitioner, who was a minor at the time the offense was committed, was indicted by the grand jury of Pike County, Kentucky, for the offense of rape. On motion duly made, the indictment was dismissed and petitioner was remanded to the Juvenile Court of Pike County. Proceedings were commenced in the Pike County Juvenile Court but as yet have not been concluded.

Petitioner attained his eighteenth birthday and, subsequent thereto, he was again indicted by the grand jury of Pike County for the offense of rape. The respondent judge overruled a motion to dismiss the present indictment and, although there has been no disposition of the proceedings in the juvenile court, is threatening to bring the present indictment on for trial. Petitioner charges, (1) that since the proceedings in the juvenile court have not been disposed of, the circuit court does not at this time have jurisdiction of the petitioner, and (2) that petitioner should not be required to undergo the rigors of preparation for and conduct of a trial with an appeal to this court in order to present this jurisdictional question.

KRS 208.020 provides:

"(1) The juvenile session of the county court of each county shall have exclusive jurisdiction in proceedings concerning any child, living, or found, within the county and has not reached his eighteenth birthday:

(a) Who has committed a public offense * * *."

KRS 208.060 sets out the conduct of hearings and specifically provides in subsection (2) thereof that the juvenile proceedings shall consist of two distinct hearings, an adjudication and a disposition, which may, upon motion of the child, be held on separate days. KRS 208.190 provides:

"*Decree in proceedings concerning* children who are charged with crime.— When a child before the juvenile court, whether by petition pursuant to KRS

208.070 or by reason of having been taken into custody pursuant to KRS 208.110, is found by the court to come within the purview of KRS 208.020, the court shall so decree and in its decree shall make a finding of the facts upon which the court exercises its jurisdiction over the child. If the court finds that the child does not come within the purview of KRS 208.020, the child shall be discharged and the proceedings dismissed. (Enact. Acts 1952, Ch. 161, § 19.)"

KRS 208.200 provides:

"*Probation or commitment of child convicted of public offense, or who is delinquent, neglected, needy or dependent.*—(1) If in its decree the juvenile court finds that the child comes within the purview of subsections (1) or (2) of KRS 208.020, the court may, by order:"

(a) Place the child on probation subject to the jurisdiction of the juvenile court until he becomes twenty-one years of age; (paraphrased)

(b) Commit the child to a private or public institution until he becomes twenty-one years of age; (paraphrased)

(c) Commit the child to the Department of Child Welfare until he becomes twenty-one years of age. (paraphrased)

The case of Lowry v. Commonwealth, Ky., 424 S.W.2d 841, presented the question of "Whether the circuit court had jurisdiction to try the appellant on an indictment made after he became eighteen years of age, when he was under that age at the time of the offense and no proceeding had been commenced in the juvenile session of the county court prior to his becoming eighteen years of age." In disposing of the case, this court held that the circuit court had jurisdiction and, in doing so, said:

"The present statute, in effect, says that the juvenile court shall have exclusive jurisdiction in proceedings concerning any child who has not reached his eighteenth birthday. It is silent concerning a person who has reached the age of eighteen years before any proceedings are instituted. This is indicative of a legislative intent to restrict proceedings in the juvenile court to persons who are proceeded against therein before becoming eighteen years of age.

\* \* \* \* \* \*

"The conclusion is thus reached that under the language of KRS 208.020, the juvenile court has exclusive jurisdiction only when the proceedings are instituted against a child who has not reached his eighteenth birthday."

It is to be noted that this court said that the juvenile court has exclusive jurisdiction only when the proceedings are instituted against the child who has not reached his eighteenth birthday. In the case at bar, proceedings had been instituted in the Pike County Juvenile Court prior to petitioner's eighteenth birthday and they have not as yet been disposed of.

In Locke v. Commonwealth, Ky., 503 S.W.2d 729, Locke was seventeen years of age at the time he committed the offense of armed robbery. He was arrested, taken before the Juvenile Court of Fayette County and, after holding a hearing, that court released him from custody. The order of the juvenile court provided that the charges had been adjusted informally and were then dismissed. Locke, by the juvenile court, was permitted to go without restraint upon his liberty and freedom and without prosecution for the charges. Subsequently, he was indicted for the same offense by the grand jury of Fayette County, Kentucky. He was convicted and, on appeal to this court, contended that the circuit court did not have jurisdiction for the reason that he was under the age of eighteen years at the time the offense was committed and proceedings were duly instituted against him in the juvenile court. In differentiating this case from others, this

court, speaking through Justice Osborne, said:

"Appellant's case differs from both of these in that juvenile investigatory proceedings were instituted but culminated in no charge being made and without an adjudicatory trial, thus at the time of the indictment appellant had attained the age of 18 years and there was, at that time, no juvenile proceedings pending."

In Koonce v. Commonwealth, Ky., 452 S.W.2d 822, Larry Berning, one of the appellants, and others had been charged with storehouse breaking. Berning was a juvenile. On the day following his arrest, Berning petitioned the Hopkins County Juvenile Court for an investigation and disposition according to law (KRS 208.020). He was arrested on a warrant issued from the juvenile court. Subsequently, shortly after attaining his eighteenth birthday, an indictment was returned by the grand jury. Berning challenged the jurisdiction of the circuit court. This court said:

"Although Larry was seventeen years of age no order was entered by the juvenile court transferring the case to the circuit court, which procedure is authorized by KRS 208.170(1)."

Larry contended that since he was under eighteen years of age at the time the offense was committed and jurisdiction had not been surrendered by the juvenile court, the circuit court was without jurisdiction to try him. This court concurred.

This court is of the opinion that since the petitioner was a juvenile at the time of the commission of the offense and proceedings against him are pending in the Juvenile Court of Pike County, the Pike Circuit Court is without jurisdiction to proceed against him.

Kentucky Constitution, Section 110, affords this court control of inferior courts. We have held that a writ of prohibition will issue if the circuit judge is proceeding outside of his jurisdiction. In the circumstances of the case at bar, this court holds

that it is not necessary to show either that the petitioner would be irreparably injured or that he does not have an adequate remedy by appeal.

The respondent is without jurisdiction and he is hereby prohibited from further proceeding against the petitioner on Indictment No. 2289 of the Pike Circuit Court.

All concur, except CLAYTON, J., who dissents.