Jimmy Ray JOHNSON, Petitioner,

v.

Clay M. BISHOP, Judge, Leslie Circuit Court, Respondent.

Willie NAPIER, Jr., Petitioner,

v.

Clay M. BISHOP, Judge, Leslie Circuit Court, Respondent.

Court of Appeals of Kentucky.

Sept. 21, 1979.

Nora K. McCormick, Asst. Public Advocate, Winchester, for petitioner Jimmy Ray Johnson.

William M. Nixon, Asst. Public Advocate, London, for petitioner William Napier, Jr.

Jack Emory Farley, Public Advocate, Commonwealth of Kentucky, Frankfort, for both petitioners.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for respondent.

Before GUDGEL, WHITE and WILHOIT, JJ.

## OPINION AND ORDER

WILHOIT, Judge.

This case is before the Court on petition of Jimmy Ray Johnson and Willie Napier, Jr., to prohibit the judge of the Leslie Circuit Court from ordering each of them to trial on a charge of robbery in the first degree. The petitioners contend that the circuit court has no jurisdiction to proceed against them because they were both under the age of eighteen at the time the alleged offense was committed.

The offense with which the petitioners are charged was alleged to have been committed on January 7, 1978. At that time both were seventeen years of age. On January 25, 1978, juvenile petitions were filed in the Leslie District Court, charging each, among other things, with armed robbery under KRS 515.020, a Class B felony. The record discloses that that same day Napier was brought before the juvenile session of the court, advised of his rights, and re-

turned to jail. Johnson was also advised of his rights, and on a later date his case was continued because he did not have counsel. Apparently, no further action was taken by the juvenile court, and it is clear that no transfer hearing was held, nor was an order entered transferring these cases to the circuit court as provided for in KRS 208.170.

On May 12, 1978, Napier, and, on July 9, 1978, Johnson became eighteen years of age. On July 13, 1978, both were indicted by the Leslie County Grand Jury for first-degree robbery. They were tried in the circuit court, but that trial resulted in a mistrial. A second trial was set for July 26, 1979. Prior to that trial, petitioners moved to quash the indictment and to dismiss the charges with prejudice. Their motion was denied. They then petitioned this Court for a stay of the trial and a writ of prohibition. The stay was granted, and we now grant the writ.

Of critical importance to our determination of this case is the amendment to KRS 208.020(1) which became effective June 17, 1978.[1] This subsection, as amended, reads as follows:

> (1) The juvenile session of the district court of each county shall have exclusive jurisdiction in proceedings concerning any child living, or found within the county who has not reached his eighteenth birthday *or of any person who at the time of committing a public offense was under the age of eighteen (18) years* . . .. (emphasis added)

Prior to its amendment, this statute vested exclusive jurisdiction in the juvenile court only as to proceedings against an offender which were instituted before his eighteenth birthday. *Lowry v. Commonwealth*, Ky., 424 S.W.2d 841 (1968). The amendment was obviously intended to, and plainly does, go a step farther and vests jurisdiction in the juvenile court over proceedings against an offender of any age who at the time of committing the offense charged was under the age of eighteen.

We agree with the respondent that this statutory amendment should be given no retroactive application; however, its application as of its effective date leads to a conclusion contrary to that urged by him. Had the Leslie Circuit Court acquired jurisdiction of this matter prior to the effective date of the amendment, we do not believe that the statute then would have operated to divest that court of its jurisdiction. But, such was not the case because on June 17, 1978, no indictment against either of the petitioners had been returned in the circuit court. From that time on, the juvenile court was vested with exclusive jurisdiction of a proceeding against an individual charged with a public offense committed before his eighteenth birthday.

Even though the petitioners did not raise this question before or during their trial in the circuit court, they cannot be deemed to have waived the question and thereby to have conferred jurisdiction of the cause on the circuit court. That court had no jurisdiction of the subject matter, and subject matter jurisdiction may not be conferred by waiver, or even consent, while a question as to such jurisdiction generally may be raised at any time. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970).

Inasmuch as the Leslie Circuit Court lacked jurisdiction to hear this kind of case, the writ applied for should be granted. *Miller v. Anderson*, Ky., 519 S.W.2d 826 (1975).

Nothing in our decision here should be interpreted as precluding the juvenile session of the Leslie District Court from proceeding to hold transfer hearings as to the petitioners in accordance with KRS 208.170. It appears to us that the legislative intent upon amending KRS 208.020(1) must surely have been that the transfer hearing provisions apply under the circumstances in this

---

1. Ch. 350, § 2, 1978 Ky. Acts 998. (The 1978 legislative session was adjourned March 18, 1978; thus this amendment became effective June 17, 1978, under Section 55 of the Kentucky Constitution, not July 17, 1978, as supposed by the respondent.)

case. If this were not so, then as a practical matter, the courts would be powerless to punish or aid in the rehabilitation of offenders in situations such as this. *See* KRS 208.200. Manifestly, this was not the intent of the General Assembly.

We do not believe the circuit court erred in refusing to dismiss with prejudice the charges against the petitioners. *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

It is ORDERED that the respondent is prohibited from further proceedings against the petitioners on Indictment No. 78–CR–F–0045 of the Leslie Circuit Court.

All concur.