KEEN, Appellant,

v.

KEEN, Appellee.

[Cite as *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20252.

Decided June 4, 2004.

380

Gary C. Schaengold, for appellant.

David S. Jablinski, for appellee.

GRADY, Judge.

{¶ 1} This is an appeal from an order entered by the General Division of the Court of Common Pleas of Montgomery County that dismissed a plaintiff's complaint for lack of jurisdiction. We agree with the court's holding and accordingly affirm.

{¶ 2} Paul and Ingrid Keen were married in Germany in 1961. Paul[1] was then in the United States Army. Ingrid was a German citizen.

{¶ 3} Paul and Ingrid moved to the United States, where Paul began employment with the United States Postal Service in 1965. He continued to work for the Postal Service until his retirement in 1991.

{¶ 4} Paul and Ingrid's marriage was terminated by a decree of dissolution entered by the Domestic Relations Division of the Court of Common Pleas of Montgomery County in 1978. Neither the decree nor the separation agreement

---

1. For clarity and convenience, the parties are identified by their first names.

on which it is based speak to or divide Federal Civil Service Retirement System ("FCSRS") benefits that Paul accumulated during the marriage.

{¶ 5} In the year 2000, Ingrid applied for Social Security retirement benefits as Paul's former spouse. She learned that she is not eligible to receive benefits because Paul, being a participant in FCSRS, made no contributions into the Social Security retirement system.

{¶ 6} Ingrid commenced this action against Paul in the general division of the court of common pleas. She asked for an accounting of Paul's retirement benefits and a declaration of her rights to a portion of them. She also alleged conversion and unjust enrichment.

{¶ 7} The case was referred to a magistrate. Paul filed several motions, including a motion to dismiss for lack of jurisdiction. The magistrate filed a decision granting the motion. Ingrid filed objections. The court overruled her objections and adopted the magistrate's decision.

{¶ 8} Ingrid appeals.

## ASSIGNMENT OF ERROR

{¶ 9} "The trial court erred in adopting the decision and recommendation of the magistrate in granting judgment in favor of the defendant."

{¶ 10} The jurisdiction of the court of common pleas and its divisions is determined by statute. Section 4(B), Article IV, Ohio Constitution. R.C. 3105.011 confers jurisdiction on the court of common pleas, including its domestic relations division, to determine all domestic relations matters. Division of marital property, including retirement benefits accumulated during a marriage, is relief granted in domestic relations matters. R.C. 3105.171.

{¶ 11} A division of domestic relations for the Court of Common Pleas of Montgomery County has been established by statute. R.C. 2301.03(F)(1). That section provides that "[t]he judges [of that division] shall have assigned to them all divorce, dissolution of marriage, legal separation, and annulment cases."

{¶ 12} A statutory assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned, and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters. *Comer v. Bench* (May 30, 2003), Montgomery App. No. 19229, 2003 WL 21267232. The requirement has been applied to limit jurisdiction over all cases of divorce or dissolution to a common pleas court's domestic relations division when it has one. *Bantz v. Bantz* (Feb. 10, 1993), Greene App. No. 92–CA–0073, 1993 WL 32002.

{¶ 13} The claims for relief pleaded in the complaint that Ingrid filed in the action she commenced in the general division of the court of common pleas are a collateral attack on the decree of dissolution that the domestic relations division of that court granted in 1978, to the extent that the relief for which Ingrid prayed would necessarily vacate or modify the relief that was granted by the domestic relations division in its decree of dissolution with respect to ownership of Paul's retirement benefits.

{¶ 14} The trial court, which is in the general division, correctly found that it lacked jurisdiction to determine the claims for relief that Ingrid's complaint presented. The nature of these claims notwithstanding, the relief prayed for is available only through the domestic relations division, not the general division.

{¶ 15} Res judicata bars a new action on the same claims for relief which were adjudicated in a prior action between the parties and on related claims that could have been presented in the prior action but were not. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. Therefore, as the trial court observed, Ingrid's only avenue of relief on her claims is through a Civ.R. 60(B) motion filed in the court's domestic relations division. Such relief is available where consent or mutuality did not exist when the parties entered into the separation agreement underlying the dissolution decree because of fraud or material mistake or misrepresentation. *In re Whitman* (1998), 81 Ohio St.3d 239, 690 N.E.2d 535.

{¶ 16} The gist of Ingrid's claims is that there was no mutuality to their separation agreement with respect to Paul's retirement benefits because she was either unaware of them and/or their effect on her eligibility for Social Security benefits. Unfortunately for her, per Civ.R. 60(B), a motion on these grounds for relief, which arise under paragraphs (1), (2), and (3) of the rule, must be brought within one year after the order to be vacated becomes final. That was in 1978. Paragraphs (4) and (5) of Civ.R. 60(B) contain no like requirement and are more general in their coverage. However, they may not be used to advance grounds which paragraphs (1), (2), or (3) of Civ.R. 60(B) make available. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365. That appears to be the case here.

{¶ 17} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.