The STATE of Ohio, Plaintiff

v.

STEELE, Defendant.

2008-Ohio-2467.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2008 CR 0094.

Decided April 3, 2008.

24

Donald White, Clermont County Prosecuting Attorney, and Scott Smith, Assistant Prosecuting Attorney, for plaintiff.

James A. Hunt, for defendant.

HADDAD, Judge.

{¶ 1} This matter came before the court on March 18, 2008, pursuant to a motion to dismiss filed by the defendant, Steven R. Steele. Upon hearing oral arguments on the motion, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} The defendant, Steven R. Steele, was indicted on three counts of rape, in violation of R.C. 2907.02(A)(1)(b), on January 23, 2008, in case Number 2008 CR 0094. It is alleged that on September 1, 2004, through October 1, 2004, at Lakeshore Estates Mobile Home Park, Clermont County, Ohio, the defendant engaged in sexual conduct with another who was not the spouse of the defendant, when the other person was less than 13 years of age, whether or not the defendant knew the age of the other person. Specifically, it is alleged that the defendant had then 11–year–old D.V. perform oral sex upon him two times and digitally penetrated her vagina.

{¶ 3} The defendant filed a motion to dismiss on February 14, 2008. The defendant argued in his motion that he was a minor on September 1, 2004, through October 1, 2004, as evidenced by his birthdate of February 25, 1987. The court notes that the defendant was 17 years old at the time the alleged offenses occurred. The defendant argued in his written motion that R.C. 2151.23(A) vests the juvenile court with exclusive jurisdiction in this case and that no bind-over proceedings from the juvenile court have occurred. As a result, the defendant argued that this court does not have subject-matter jurisdiction to hear the enumerated counts.

{¶ 4} The defendant then argued at the hearing on the motion that R.C. 2151.23(I), which removes the case from the juvenile court's jurisdiction, is inapplicable because the alleged offense was committed when the defendant was under 18 years of age, and his indictment occurred prior to his 21st birthday. It is the defendant's contention that this case should have originated in juvenile court because R.C. 2151.23(I) does not apply.

{¶ 5} The state argued that while R.C. 2151.23(I) mandates that this case should have originated in juvenile court, the defendant is no longer a child due to a previous bind-over to the common pleas court in a separate case. The state contends that this court now has jurisdiction because the defendant has lost his status as a child.

### *LEGAL ANALYSIS*

■ {¶ 6} The Ohio Revised Code provides, "If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act." R.C. 2151.23(I). The defendant asserts that this provision is inapplicable because the defendant committed the alleged offense when he was 17 years old and was indicted on the offense before he was 21 years old; therefore, the juvenile court has jurisdiction over this case, and it should have been filed in juvenile court. The court agrees with the defendant that this provision does not remove the case from the juvenile court's jurisdiction because the defendant was a minor when the act was committed and was indicted prior to his 21st birthday.

{¶ 7} Further, R.C. 2152.12 states that the juvenile court "shall transfer a case in the circumstances described in division (C)(5) of section 2152.02 of the Revised Code." R.C. 2152.12(A)(2). The fact that the statute requires a transfer to the common pleas court if the circumstances described in R.C 2152.02 are present is an indication to this court that the legislature intended for these cases to originate in the juvenile court.

■ {¶ 8} The circumstances found in R.C. 2152.02(C)(5) that require a mandatory transfer are circumstances that remove the minor from the definition of a child.[1] The provision provides:

Any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case * * * shall be deemed after the transfer or invocation not to be a child in any case in which a complaint is filed against the person.

In other words, if the defendant had a case that was transferred for criminal prosecution pursuant to R.C. 2152.12 and if the defendant was convicted of or pleaded guilty to a felony in that case, then he is no longer a child in any case in

---

1. " 'Child' means a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section." R.C. 2152.02(C)(1).

which a complaint is filed against him, including the present case. The state argued that the defendant had previously been bound over in case No. 2005 CR 0134; therefore, pursuant to Evid.R. 201, the court took judicial notice of its own record in that case. The defendant, Steven R. Steele, had a delinquent complaint filed against him in Clermont County Juvenile Court on January 10, 2005, in case No. 2005 JA 41052. An entry on bind-over was filed on February 10, 2005, and all original documents were transferred to the common pleas clerk, case No. 2005 CR 0134. The defendant was then indicted on February 23, 2005, on charges of burglary, a violation of R.C. 2911.12(A)(3), and theft of drugs, a violation of R.C. 2913.02(A)(1).[2] The defendant entered a plea of guilty to burglary on April 21, 2005, and the theft-of-drugs charge was dismissed. A judgment entry on a finding of guilty was filed on April 25, 2005. The defendant was then sentenced to a prison term of three years on June 2, 2005, with the sentencing entry filed on June 7, 2005. The defendant's prison term expired, and he was released on February 6, 2008.

{¶ 9} The court finds that because the defendant's prior case was transferred for criminal prosecution in the common pleas court pursuant to R.C. 2152.12 and the defendant pleaded guilty to a felony in that case, he is no longer a child in this case or any subsequent case in which a complaint is filed against him. Therefore, this case, which should have originated in the juvenile court, must be transferred to the Common Pleas Court pursuant to R.C. 2152.12(A)(2).

{¶ 10} However, pursuant to the holding in *State v. Washington,* Montgomery App. No. 20218, 2004-Ohio-5283, 2004 WL 2245103, the fact that this case did not originate in the Clermont County Juvenile Court is not fatal to this case. In *Washington,* the defendant, Jetarr Washington, argued that he was not properly bound over from the juvenile court. He contended that the simple fact that previous charges were litigated in common pleas court did not automatically give that court jurisdiction to try him as an adult. Washington asserted that there must still be a bind-over from the juvenile court, giving up jurisdiction over him. Id. at ¶ 6. The state argued that because Washington had been convicted of a felony in the court of common pleas, he no longer satisfied the definition of a child; therefore, the juvenile court no longer had exclusive original jurisdiction. Id.

{¶ 11} *Washington* recognized that the juvenile court has exclusive original jurisdiction over any child who is alleged to be a delinquent. A delinquent child

2. The court notes that the offense for which the defendant was charged in case No. 2005 CR 0134 was committed on or about December 7, 2004. The offense for which the defendant is indicted in this case, case No. 2008 CR 0094, was committed on September 1, 2004, through October 1, 2004. However, the fact that the current offense was allegedly committed prior to the defendant's previous offense upon which he pleaded guilty has no effect on the outcome of this court's decision.

is one who violates any law that would be an offense if committed by an adult. Id. at ¶ 7. The court further recognized Washington's argument that pursuant to R.C. 2152.03, any proceedings regarding the child shall be filed in juvenile court. If the child is taken before a judge in the court of common pleas, that judge shall transfer the case to juvenile court. Id. at ¶ 9. However, *Washington* held that because Washington had been convicted of a felony in a previous bind-over to the court of common pleas, R.C. 2152.02(C)(5) terminated his status as a child. Id. at ¶ 11–14. The court further found that the provisions of the statute relating to jurisdiction give the juvenile court exclusive jurisdiction only in proceedings involving a child, and because the defendant was not a child pursuant to R.C. 2152.02(C)(5), original jurisdiction over the charges against him did not lie with the juvenile court. The court found no reason to transfer the case to juvenile court in order for a hearing to be conducted under these circumstances. Id. at ¶ 14.

{¶ 12} *Washington* also held that R.C. 2152.12(A)(2) does not give the juvenile court discretion regarding whether the defendant, who had previously been convicted of a felony in the court of common pleas, should have been tried as an adult. Because the transfer provision of R.C. 2152.12(A)(2) is mandatory, the defendant suffered no prejudice from the court's decision to allow the case to originate in the common pleas court. Id. at ¶ 14.

{¶ 13} Based upon the foregoing, the court finds that the defendant, who previously pleaded guilty to burglary in case No. 2005 CR 0134, which was bound over from the Clermont County Juvenile Court, no longer satisfies the definition of a child. Therefore, the argument by the defendant that the Ohio Revised Code vests the juvenile court with original and exclusive jurisdiction over the defendant is without merit because those provisions apply only to jurisdiction over a child. Because the defendant is not a child, the court finds that original jurisdiction over the defendant does not lie with the juvenile court.

{¶ 14} Further, if the court were to dismiss the charges in this case or transfer the case to the juvenile court, that court would then be required to bind it back over to the common pleas court pursuant to R.C. 2152.12(A)(2). Therefore, the court finds that in the interest of judicial economy, the case should proceed in the common pleas court. The court further finds that the defendant will not suffer prejudice as a result of this decision because the case must ultimately proceed in the common pleas court in accord with the requirements of R.C. 2152.12(A)(2).

## CONCLUSION

{¶ 15} Based upon the foregoing analysis and the competent, credible evidence before the court, the court hereby denies the defendant's motion to dismiss.

So ordered.