**PERKINS LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant,**

**v.**

**WOOSTER CITY SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellees.**

[Cite as *Perkins Local School Dist. Bd. of Edn. v. Wooster City School Dist. Bd. of Edn.*, 183 Ohio App.3d 638, 2009-Ohio-4251.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–09–005.

Decided Aug. 21, 2009.

Michael J. Loughman and Daniel D. Mason, for appellant.

Christina Henagen Peer and Kimberly A. Eberwine, for appellees Wooster City School District Board of Education and Toledo Public School District Board of Education.

Jennifer A. Flint and Dane A. Gaschen, for appellee Huron City School District Board of Education.

James L. Schuller, for appellee Norwalk City School District.

SHERCK, Judge.

{¶ 1} Appellant, the Perkins Local School District Board of Education ("Perkins"), appeals the decision of the Erie County Court of Common Pleas, which dismissed its declaratory-judgment complaint for lack of subject-matter jurisdiction. For the following reasons, we affirm.

{¶ 2} Perkins filed its declaratory-judgment complaint against four area boards of education, seeking to determine which school district was responsible for paying the costs of educating two students. Perkins was being billed by the defendants, Wooster City School District Board of Education and Toledo Public School District Board of Education, for the cost of educating two students. The complaint stated that the Erie County Court of Common Pleas, Juvenile Division, had issued orders for Perkins to pay the costs of educating the two students; these orders were not, however, attached to the complaint. With respect to both students, Perkins sought declaratory relief, contending that it was not responsible for the costs of their education pursuant to R.C. 3323.01 because the students' parents resided in other school districts.

{¶ 3} All defendants moved to dismiss for lack of subject-matter jurisdiction. Although Perkins correctly argued that it was not a party to the juvenile court action that determined it was responsible for the students' educational costs, the trial court found that pursuant to the version of R.C. 2151.357 prior to 2006, the juvenile court had exercised jurisdiction and had determined that Perkins was responsible. Therefore, the common pleas court found that it lacked subject-matter jurisdiction to grant the relief Perkins requested by, in effect, redetermining which school district was responsible for the students' educational costs.

{¶ 4} From that determination, Perkins presents one assignment of error for review:

{¶ 5} "The trial court erred to the substantial prejudice of plaintiff-appellant Perkins Local School District Board of Education when it dismissed the within action."

{¶ 6} Concurrently, Perkins raises two issues for review:

{¶ 7} "Whether this action was properly brought in common pleas court."

{¶ 8} "Whether the trial court erred in dismissing this action instead of transferring it from the general division to the juvenile division."

■ {¶ 9} We review dismissals for lack of subject-matter jurisdiction de novo. *Newell v. TRW, Inc.* (2001), 145 Ohio App.3d 198, 200, 762 N.E.2d 419; *Ford v. Tandy Transp., Inc.* (1993), 86 Ohio App.3d 364, 375, 620 N.E.2d 996. Neither trial courts nor appellate courts are confined to the allegations in the complaint. For the purposes of subject-matter jurisdiction, courts may consider pertinent material without converting the motion to dismiss into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

■ {¶ 10} Section 4, Article IV, Ohio Constitution, provides for the establishment of courts and states: "The courts of common pleas and divisions thereof

shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." The juvenile courts were created as part of the courts of common pleas and are courts of limited jurisdiction. R.C. 2151.23. As such, juvenile courts can exercise jurisdiction over only those subject matters delegated to them by statute. If a juvenile court has exclusive subject-matter jurisdiction, it cannot be waived. *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, paragraph two of the syllabus.

█ {¶ 11} In its brief, Perkins admits that the purpose of the complaint for declaratory relief was "to obtain a ruling that the parents had moved and that pursuant to Ohio statutory law Perkins was no longer responsible for the cost of education for the two students." While the juvenile court judgments that Perkins challenges were not attached to the pleadings, all parties admit that the juvenile court judgments that ordered Perkins to pay the costs of education were rendered pursuant to R.C. 2151.357.

{¶ 12} The parties dispute which version of R.C. 2151.357 pertains to this appeal. In 2006, R.C. 2151.357 was recodified into its present form in R.C. 2151.362 by H.B. 137 and took effect on October 9, 2006—before Perkins filed its complaint for declaratory judgment. The new statute vests authority to make determinations of the residence of the students' parents with the state superintendent. Therefore, the prior version of R.C. 2151.357 applies.

{¶ 13} However, R.C. 2151.357 directs the *juvenile court* to determine the costs of education for a child at the same time that the juvenile court makes "any order that removes a child from the child's own home or that vests legal or permanent custody of the child in a person other than the child's parent or a government agency * * *." Thus, the duty of the juvenile court to order a school district to pay the costs of education is only triggered when the juvenile court "provides for the child's placement or commitment." Pursuant to R.C. 2151.23, the juvenile court exercises jurisdiction over the child's placement or commitment when it adjudicates a child abused, neglected, dependent, or delinquent. Thus, the authority to order a school district to pay the costs of education—and determine the responsible school district—arises by virtue of the juvenile court's exclusive jurisdiction.

█ {¶ 14} If a juvenile court has exclusive subject-matter jurisdiction, it cannot be waived. *Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196, paragraph two of the syllabus. "A statutory assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned, and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters." *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, 811

N.E.2d 565, ¶ 12 (finding general division lacked subject-matter jurisdiction over postdivorce decree motion for further division of assets as statute vested exclusive jurisdiction in domestic relations division). Similarly, since R.C. 2151.23 vests jurisdiction with the juvenile division of the court to determine this matter initially, the general division of the court may not hear issues arising after the initial determination.

{¶ 15} Still, Perkins argues that this matter turns on the determination of a question of fact: specifically, the residence of the students' parents pursuant to R.C. 2151.357. Determining this fact, however, pursuant to the same statute under which Perkins was ordered to pay education costs, is within the exclusive jurisdiction of the juvenile court pursuant to R.C. 2151.357. Also, in Perkins's motions in opposition before the trial court, Perkins argued that it was *not* seeking a redetermination of where the students' parents resided; rather, Perkins argued below that it sought a factual determination of who should bear the costs of education *given* the fact of where the parents actually resided. For the purposes of R.C. 2151.357 and the jurisdiction vested in the juvenile division, Perkins raises a distinction without a difference. In either case, the inquiry and determination are triggered by issues over which the statute vests exclusive jurisdiction with the juvenile division.

{¶ 16} A declaratory-judgment complaint may be heard by the juvenile court. The Declaratory Judgment Act authorizes any court of record to render a declaratory judgment. R.C. 2721.02(A). A juvenile court is a court of record and may grant declaratory relief provided that it has subject-matter jurisdiction over the underlying subject matter. R.C. 2151.07; *Dayton Street Transit Co. v. Dayton Power & Light Co.* (1937), 57 Ohio App. 299, 10 O.O. 500, 13 N.E.2d 923, paragraph one of the syllabus. While the new version of the statute purportedly at issue allocates determination of this fact to the state superintendent, Perkins could also have filed a motion in the juvenile court challenging the order at issue. See *In re Zachariah T.*, 6th Dist. No. WD–04–059, 2005-Ohio-2488, 2005 WL 1201213. The first issue is not well taken.

{¶ 17} In its second issue, Perkins argues that a transfer to the juvenile court, rather than a dismissal, was the proper action for the trial court. Perkins cites no authority for this proposition. The defendants-appellees note that Perkins never requested a transfer at the trial court level; for that matter, neither did defendants-appellees include in their motions to dismiss a motion to transfer. Since no party requested a transfer from the general division to the juvenile division, the trial court properly declined to sua sponte transfer a matter over which it lacked subject-matter jurisdiction.

{¶ 18} For the foregoing reasons, Perkins's assignment of error is not well taken. The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

SINGER and OSOWIK, JJ., concur.