[Cite as *State v. Lindstrom*, 2011-Ohio-6755.]

[Opinion should not be cited as authority.    See 2013-Ohio-731.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96653**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MATTHEW LINDSTROM

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547876

**BEFORE:**    Stewart, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 29, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:  Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


**ATTORNEY FOR APPELLEE**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

**{¶ 1}**  Plaintiff-appellant, state of Ohio, appeals from the trial court's decision to dismiss its indictment and transfer the case to the Juvenile Division of the Court of Common Pleas.  The state complains that its act of filing a complaint in juvenile court against then 20-year-old defendant-appellee, Matthew Lindstrom, did not constitute his being "taken into custody or apprehended" as contemplated by R.C. 2151.23(I).  The state argues instead that since the juvenile court did not acquire exclusive jurisdiction over Lindstrom, the case should be heard in the general division of the Court of Common Pleas.  For the reasons that follow, we affirm.

**{¶ 2}** In January 2010, Lindstrom's sister complained to the Kennebec County, Maine Sheriff's Department that Lindstrom had forcibly raped her and engaged in other sexual conduct with her repeatedly between August 1999 and August 2003. At the time of the alleged offenses, the sister was approximately five to nine years of age and Lindstrom was approximately nine to 13 or 14 years old.

**{¶ 3}** A complaint alleging four counts of rape was issued by the Brookpark Police Department and filed by the prosecutor in the Juvenile Division of the Cuyahoga County Court of Common Pleas on October 21, 2010, six days prior to Lindstrom's 21st birthday. Lindstrom was served by certified mail and appeared at his adjudicatory hearing with counsel on November 22, 2010. He entered formal denials to the complaint and was released on his own recognizance. Also, on November 22, 2010, the state filed a motion in the juvenile division for an order to relinquish jurisdiction for criminal prosecution, pursuant to R.C. 2152.10(B), and for a preliminary hearing. A journal entry dated November 29, 2010 indicates that a bindover hearing was "[c]ontinued [for] further hearing." A pretrial hearing was held on January 5, 2011, and the matter was again continued.

**{¶ 4}** On March 8, 2011, the state obtained from a Cuyahoga County Grand Jury a ten-count indictment against Lindstrom for rape and gross sexual imposition with sexually violent predator specifications and, on that day, filed the same in the general division of the common pleas court. A warrant was issued on the indictment on March 10, 2011. On March 9, 2011, the state filed in the juvenile court, a motion to dismiss

complaint without prejudice and with finding of probable cause. This motion was granted on March 11, 2011.

**{¶ 5}** On March 16, 2011, Lindstrom filed a motion requesting that the common pleas court remand the case to the juvenile court and a motion to hold arraignment or indictment in abeyance. A hearing was held on March 21, 2011 where the state argued that Lindstrom was never "apprehended" or "taken into custody" pursuant to R.C. 2151.23(I) and, therefore, jurisdiction was appropriate in the general division of common pleas court. The prosecutor also pointed out that the case in the juvenile division had been dismissed, had not been effectively "transferred up on a bindover," and, therefore, "[i]t's never going back." Lindstrom argued that "apprehension" takes place at the commencement of criminal proceedings. Two days later, the common pleas court granted Lindstrom's motions.

**{¶ 6}** On April 5, 2011, the state filed a motion requesting the common pleas court to clarify its order for purposes of appeal. The court issued a second journal entry that stated, "[t]his case is transferred to the juvenile court and the indictment is dismissed and all further proceedings are discontinued pursuant to R.C. 2152.03. This court finds that under R.C. 2151.23(I) and R.C. 2152.02(C)(3) the defendant was 'taken into custody or apprehended' prior to defendant's 21st birthday since the defendant committed the act while he was a 'child' and was charged in juvenile court prior to defendant's 21st birthday. As such, this court finds that it lacks jurisdiction over the defendant and jurisdiction is proper in the juvenile court."

{¶ 7} In its sole assignment of error, the state argues that the trial court erred in ruling that it did not have jurisdiction in the instant matter, and requests this court to reverse the trial court's decision and remand the case for further proceedings.

{¶ 8} Appellate courts conduct a de novo review when interpreting statutes and their application, without deference to the trial court's conclusions. *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596.

{¶ 9} The "power to act as a court in an ordinary criminal case rests on jurisdiction of the person and of the subject matter," and a court does not have jurisdiction to try anyone for a violation of law "except on proper complaint duly filed." *Evans v. Sacks* (1960), 114 Ohio App. 179, 180, 174 N.E.2d 787; *Taxis v. Oakwood* (App.1935), 19 Ohio Law Abs. 498; see, also, *State v. Treon* (1963), 91 Ohio Law Abs. 229, 188 N.E.2d 308 (prerequisite of court having subject matter jurisdiction is the filing of an indictment). "The term 'jurisdiction' is also used when referring to a court's exercise of its jurisdiction over a particular case *** [and] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶12.

{¶ 10} "Jurisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower courts." *State ex rel. McMinn v. Whitfield* (1986), 27 Ohio St.3d 4, 5, 500 N.E.2d 875. "A statutory

assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned, and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters." *Perkins Local Dist. Bd. of Edn. v. Wooster City School Dist. Bd. of Edn.*,183 Ohio App.3d 638, 2009-Ohio-4251, 918 N.E.2d 198, ¶14, quoting *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, 811 N.E.2d 565.

{¶ 11} Juvenile courts have been granted exclusive initial subject matter jurisdiction to determine the case concerning any child alleged to be delinquent for committing an act that would constitute a felony. *State v. Golphin*, 81 Ohio St.3d 543, 544, 1998-Ohio-336, 692 N.E.2d 608. A juvenile court cannot waive exclusive subject matter jurisdiction. *State v. Wilson*, 73 Ohio St.3d 40, 1995-Ohio-217, 652 N.E.2d 196, paragraph two of the syllabus.

{¶ 12} R.C. 2152.02(C)(2) states that: "[s]ubject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." However, "[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." R.C. 2152.02(C)(3).

{¶ 13} R.C. 2151.23(I) provides: "If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (B) and (C) of section 2151.26 of the Revised Code do not apply regarding the act, the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act, all proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and the court having jurisdiction of the offense has all the authority and duties in the case as it has in other criminal cases commenced in that court." Cf. R.C. 2152.12 (statute governing transfer of cases from juvenile court uses identical language).

{¶ 14} There is a paucity of case law specifically addressing the issue in this case. In *State v. Steele*, 146 Ohio Misc.2d 23, 2008-Ohio-2467, 887 N.E.2d 1255, a defendant alleged to have committed the offense of rape when he was 17 years old was indicted in common pleas court. He filed a motion to dismiss claiming that the court did not have subject matter jurisdiction. The court agreed that the case should have been filed in juvenile court since "the defendant was a minor when the act was committed and was indicted prior to his 21st birthday." Id. at ¶6.

**{¶ 15}** In the case at bar, the juvenile court had exclusive original subject matter jurisdiction since Lindstrom was alleged to have committed the offense before age 18. The state filed its initial complaint and validly proceeded against Lindstrom on October 21, 2010 in the juvenile court because Lindstrom was 20 years old. Lindstrom was properly served with the complaint before his 21st birthday.

**{¶ 16}** "A court acquires personal jurisdiction over a party in one of three ways: (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction." *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶8, citing *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 464 N.E.2d 538.

**{¶ 17}** A peace officer may cause an arrest or commence prosecution by filing "with a reviewing official[1] or the clerk of a court of record an affidavit charging the offense committed." R.C. 2935.09(C). If the affidavit charges the commission of a felony, a "judge, clerk, or magistrate *** shall forthwith issue a warrant for the arrest of the person charged in the affidavit ***." R.C. 2935.10(A). However, "[t]he issuing authority shall issue a summons instead of a warrant upon the request of the prosecuting attorney, or when issuance of a summons appears reasonably calculated to ensure the defendant's appearance." Crim.R. 4(A)(1).[2] "The summons shall be in the same form

---

[1] "'[R]eviewing official' means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses ***." R.C. 2935.09(A).

[2] "Criminal Rule 4(A)(1) uses the language 'shall issue' rather than 'may issue' — indicating a

as the warrant, except that it shall not command that the defendant be arrested, but shall *** inform the defendant that he or she may be arrested if he or she fails to appear at the time and place stated in the summons."  Crim.R. 4(C)(2).

{¶ 18} Detective Edwin Biglang-Awa of the Brookpark Police Department commenced the present case by swearing to a complaint for rape against Lindstrom in the juvenile division.  The state then filed the complaint and chose to compel Lindstrom to appear by use of a summons.  The juvenile court served Lindstrom with the summons by certified mail on October 26, 2010 and  secured personal jurisdiction over him on that date — one day before he turned 21.

{¶ 19} To determine whether the juvenile court properly had jurisdiction over this matter, we must decide if Lindstrom was "taken into custody or apprehended" before he turned 21.  *State v. Walls*, 96 Ohio St.3d 437, 442, 2002-Ohio-1559, 775 N.E.2d 829 ("age of the offender upon apprehension [is] the touchstone of determining juvenile-court jurisdiction").  We find that he was.

{¶ 20} Whether a suspect is "in custody" is a mixed question of law and fact and is subject to a de novo standard of review.  *Thompson v. Keohane* (1995), 516 U.S. 99, 112-113, 116 S.Ct. 457, 465, 133 L.Ed.2d 383.  "Both the Juvenile Court Law and the Rules of Juvenile Procedure provide that a child may be taken into custody pursuant to an order of the juvenile court or pursuant to the law of arrest."  48 Ohio Jurisprudence 3d,

---

preference for a summons instead of a warrant when [a summons] will serve the purpose."  Baldwin's Ohio Practice Criminal Law (2010), Section 7:14.

Family Law, Section 1568. See, e.g., Juv.R. 6, R.C. 2151.31. "The word 'custody' in law signifies 'the detainer of a person by virtue of a lawful authority'; 'judicial or penal safe-keeping.'" *Rarey v. Schmidt* (1926), 115 Ohio St. 518, 522, 154 N.E. 914.

{¶ 21} In *U.S. v. Wendy G.* (C.A.9, 2001), 255 F.3d 761, 765, the court determined that a juvenile was "in custody" at the point she was placed in a holding cell. See, also, *U.S. v. Curb* (C.A.6, 2010), 625 F.3d 968 (equating custody of juvenile with an arrest); but, see, *In re L—* (1963), 92 Ohio Law Abs. 475, 194 N.E.2d 797 ("the law of arrest does not apply to the taking into custody of minors [since] *** [d]elinquency has not been declared a crime in Ohio"). In this case, the state argues that Lindstrom had not been "taken into custody" when the complaint against him was filed in the juvenile court. We agree. However, our analysis does not end here.

{¶ 22} The fact that the legislature chose to use the phrase, "taken into custody or apprehended" in the disjunctive and as opposed to the phrase "taken into custody" alone, indicates that the legislature recognized a difference between being in "custody" and being "apprehended." Nevertheless, we have found no authority that addresses what constitutes apprehension of a minor pursuant to R.C. 2151.23(I) and 2152.02(C)(3).

{¶ 23} "Where a statute is silent as to the meaning of a word contained therein and that word has both a wide and a restricted meaning, courts in interpreting such a statute must give such word a meaning consistent with other provisions of the statute and the objective to be achieved thereby." *Heidtman v. Shaker Hts.* (1955), 163 Ohio St. 109,

126 N.E.2d 138, paragraph one of the syllabus. In any event, the term "apprehended" should be defined to effectuate the purpose of the statute.

{¶ 24} Two courts cannot take jurisdiction of the same person and the same subject matter at one and the same time. *Kappes v. State* (1904), 16 Ohio C.D. 111, 26 Ohio C.C. 111. As a general rule, "[w]hen a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at liberty to interfere with its action." *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.* (1948), 150 Ohio St. 349, 355, 82 N.E.2d 730.

{¶ 25} The juvenile court had exclusive jurisdiction over Lindstrom at the time the indictment was filed against him in the common pleas court. Furthermore, the court of common pleas, as a court of general jurisdiction, possesses the authority to determine its own jurisdiction both over the person and the subject matter in an action. *State v. Mohamed*, 178 Ohio App.3d 695, 2008-Ohio-5591, 899 N.E.2d 1071, ¶12, citing *State ex rel. Miller v. Court of Common Pleas* (1949), 151 Ohio St. 397, 86 N.E.2d 464, paragraph three of the syllabus. The common pleas court in this instance determined that it lacked jurisdiction to proceed, noting that jurisdiction was proper in the juvenile court.

{¶ 26} In *Gerak v. State* (1920), 22 Ohio App. 357, 153 N.E. 902, syllabus, the appellant complained that because he was a minor, the common pleas court did not have jurisdiction to try him for the crimes he committed. The court overruled his assignment of error and noted that the common pleas court had the right to try him for his crime

because the juvenile court had not exercised jurisdiction first. The court stated that the defendant's status as a minor "does not relieve him of the consequences of his crime or abridge the right of the grand jury to indict him for such crime, or the right of the common pleas court to try him for such act, unless the juvenile court acquires jurisdiction of him for such delinquency before the common pleas court acquires jurisdiction of him for such crime." Id. The court further stated that "[i]f the juvenile court first acquires jurisdiction of him, *** it may be that he cannot be indicted and tried in the common pleas court unless the juvenile court relinquishes its jurisdiction and binds him over to the common pleas court ***." Id. at 363.

{¶ 27} In the instant case, the state properly invoked the jurisdiction of the juvenile court by filing the complaint against Lindstrom. Therefore, the indictment filed in the common pleas court was void because the juvenile court had exclusive jurisdiction over the matter. See Juv.R. 10(B)(1) (complaint "bring[s] the proceeding within the jurisdiction of the court"). Lindstrom was properly served, appeared in the juvenile court, denied the allegations contained in the complaint, and was released on his own recognizance. The state filed a bindover motion, and while the motion was pending in the juvenile court, the state elected to obtain a grand jury indictment in the common pleas court. One day after obtaining the indictment, the state filed its motion to dismiss the complaint in the juvenile court. The juvenile court granted the motion two days later noting that the "complaint [was] withdrawn."

{¶ 28} We find persuasive the case, *Miller v. Anderson* (Ky. 1975), 519 S.W.2d 826, where the defendant, a minor, had proceedings commenced against him in the juvenile court. The proceedings had not concluded when the defendant turned 18 years old. He was then indicted by a grand jury and the assigned judge threatened "to bring the *** indictment on for trial." Id. at 826. The defendant petitioned the court of appeals for a writ of prohibition, and the court held that "since the [defendant] was a juvenile at the time of the commission of the offense and proceedings against him are pending in the [j]uvenile [c]ourt ***, the [trial] [c]ourt is without jurisdiction and *** is hereby prohibited from further proceeding against [him] on [the] [i]ndictment." Id. at 827-828.

{¶ 29} We therefore find that Lindstrom was apprehended before his 21st birthday, and jurisdiction over his case was properly in the juvenile court. Accepting the state's argument that Lindstrom was not apprehended would lead to an absurd interpretation of the statute. The complaint against Lindstrom charged him with felony offenses that subjected him to arrest if the state had so requested. The fact that Lindstrom was not physically taken into custody stems from the state's choice to serve him with a complaint and summon his appearance in the juvenile court for an adjudicatory hearing. "It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result." *State ex rel. Ohio Gen. Assembly v. Brunner*, 114 Ohio St.3d 386, 2007-Ohio-3780, 872 N.E.2d 912, at ¶114. Accordingly, the state's assignment of error is overrruled.

Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;

COLLEEN CONWAY COONEY, J., DISSENTS
WITH SEPARATE OPINION

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 30} I respectfully dissent.

{¶ 31} I would reverse the common pleas court's judgment attempting to transfer the underlying case to juvenile court. The juvenile court properly dismissed the complaint against Lindstrom. I find the key issue to be whether Lindstrom was "apprehended or in custody" prior to his 21st birthday. Since the majority acknowledges he was "released" on his own recognizance after he turned 21, I find this release signifies he was not "in custody" until he first appeared in juvenile court, after he reached age 21.