798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rommie JONES, Plaintiff-Appellant,
v.
David A. DODGE, Defendant-Appellee.
 No. 85-1605.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1986.
 
 1
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO, District Judge.*
 
 ORDER
 
 2
 Plaintiff is appealing from an order granting summary judgment for defendant in this prisoner's civil rights action. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In April of 1985, plaintiff filed this action under 42 U.S.C. 51983 against the private attorney who had represented him in a state criminal proceeding. Plaintiff sought correction of his sentence and $2 million in damages against defendant for alleged inadequate representation.
 
 
 4
 The district court granted summary judgment for defendant on the basis that defendant had not acted under color of state law for purposes of Section 1983. Upon consideration, we affirm the district court's decision.
 
 
 5
 The federal courts are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of Section 1983. See, e .9.1 Skolnick v. Martin, 317 F.2d 855 (7th Cir.), cert. denied, 375 U.S. 908 (1963); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974). This is true even of cases in which the attorney is a public defender, see, Polk Count v. Dodson, 454 U.S. 312 (1981), or where a private attorney has been assigned to represent an indigent defendant. See, e.g., Mull' an v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968); Pa e v. Shar el 487 F.2d 567, 570 (1st Cir. 1973). The district court, therefore, lacked subject matter jurisdiction to consider plaintiff's claim.
 
 
 6
 It appears that plaintiff's appeal is frivolous and entirely without merit. Rule 9 (d) (2), Rules of the Sixth Circuit.
 
 
 7
 Therefore, it is ORDERED that the final order of the district court be affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation