OPINION
{¶ 1} Defendant-appellant Shane Woodgeard [hereinafter appellant], acting pro se, appeals from the January 21, 2005, Judgment Entry of the Fairfield County Municipal Court which awarded summary judgment in favor of plaintiff-appellee National Check Bureau, Inc. [hereinafter National Check].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 27, 2003, National Check filed a complaint against appellant in the Fairfield County Municipal Court. National Check sought payment for the balance of a credit card account which it claimed it had acquired. Several attempts at service upon appellant were attempted. Ultimately, appellant was served by ordinary mail on August 20, 2004.
 {¶ 3} On September 17, 2004, appellant filed an answer and request for dismissal. On September 27, 2004, National Check filed notice of service of National Check's first set of interrogatories, request for production and request for admission directed to appellant.
 {¶ 4} Subsequently, on October 28, 2004, National Check filed a motion for leave to file a motion for summary judgment. National Check filed the proposed motion for summary judgment.
 {¶ 5} On November 10, 2004, the trial court overruled appellant's request for dismissal and set the following scheduling dates: 1) discovery must be concluded by February 2, 2005; 2) summary judgment motions must be filed by December 1, 2004; and 3) responses to summary judgment motions must be filed no later than December 15, 2004. In addition, the trial court stated "the Court to rule on motions no later than December 21, 2004." That same day, the trial court set the matter for trial on March 4, 2005.
 {¶ 6} On January 21, 2005, the trial court granted summary judgment in favor of National Check. It is from the January 21, 2005, Judgment Entry that appellant appeals. In so doing, appellant presented the following issues in his merit brief:
 {¶ 7} "ISSUE I. WHETHER THE TRIAL COURT ERRED IN ITS JURISDICTION OVER THE MATTER, SINCE NEITHER THE APPELLEE OR APPELLANT RESIDE IN FAIRFIELD COUNTY OHIO, NO SUCH MATTER ORIGINATED THERE AND APPELLANT HAS NO ASSOCIATION OR INDEBTEDNESS OF ANY KIND TO APPELLEE.
 {¶ 8} "ISSUE II. WHETHER THE TRIAL COURT ERRED IN FOLLOWING ITS OWN DOCKET AND RULINGS, AS A DIFFERENT JUDGE STEPPED IN AND GAVE A SUMMARY JUDGMENT, CONTRARY TO TIME ALLOWED BY THE DOCKET AND THE CASE BEING SCHEDULED FOR TRIAL BY THE ORIGINAL JUDGE. SEE NOTICE OF APPEARANCE AND JOURNAL ENTRY `THE COURT TO RULE ON MOTIONS NO LATER THAN DEC. 21, 2004, YET MOTION [SIC] FOR SUMMARY JUDGMENT WAS FILE STAMPED JAN. 21, 2004 [SIC].
 {¶ 9} "ISSUE III. WHETHER THE TRIAL COURT ERRED IN ISSUING A SUMMARY JUDGMENT AS MENTIONED IN ISSUE II.
 {¶ 10} "ISSUE IV. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANTS [SIC] MOTION TO DISMISS. SEE ATTACHED: `ANSWER TO COMPLAINT AND REQUEST FOR DISMISSAL.'
 {¶ 11} "ISSUE V. WHETHER THE TRIAL COURT ERRED IN CONTINUING SAID CASE AFTER BEING MADE DIRECTLY AWARE OF SUCH JURISDICTIONAL MATTERS, IN THE APPELLANTS [SIC] MOTION TO DISMISS. (SEE FILE)
 {¶ 12} "ISSUE VI. WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT TO HIS RIGHT TO A TRIAL.
 {¶ 13} "ISSUE VII. WHETHER THE TRAIL [SIC] COURT SHOWED BLATANT PREJUDICE TOWARD APPELLANT IN THE MATTER. SUCH BY NOT FOLLOWING ITS OWN DOCKET, BY THE SUBSTITUTING JUDGE MAKING DIFFERENT RULINGS FOR SUMMARY JUDGMENT AFTER TIME HAD EXPIRED FOR SUCH AND AFTER A TRIAL WAS SCHEDULED."
 {¶ 14} Upon appeal, appellant presents several "issues" which we presume are presented as assignments of error. However, appellant fails to separately argue the issues or assignments of error. Pursuant to App. R. 12(A)(2), an appellate court may disregard any assignment of error presented if the party raising it fails to argue the assignment separately in the brief. In this case, appellant only presents an argument on the issues concerning the trial court's entry of the grant of summary judgment after the trial court's self-imposed deadline for such decisions.
 {¶ 15} Upon consideration, this court will address the issue of whether the trial court erred to the prejudice of appellant when it ruled after its own self-imposed deadline. In addition, this court will consider the essential issue of whether the trial court erred when it granted summary judgment in favor of appellee. We will address each in turn.
 {¶ 16} In this case, the trial court issued an order that set deadlines by which motions for summary judgment were to be filed. In the same order, the trial court stated that it would decide any motions for summary judgment by December 21, 2004. However, the trial court did not rule on National Check's motion for summary judgment by that date. Instead, the trial court ruled on January 21, 2005. Appellant essentially contends that it was reversible error to rule on the motion for summary judgment after that self-imposed deadline. We disagree.
 {¶ 17} It is axiomatic that a reversal may only be rendered for errors that caused prejudice to the complaining party. This court finds that there was no prejudice to appellant when the trial court ruled on National Check's motion for summary judgment after a deadline which had been self-imposed by the trial court. This situation is very different than a situation where a trial court rules sooner than a deadline, thereby foreclosing a party's opportunity to respond. Accordingly, we find no prejudice to appellant.
 {¶ 18} This court will now address whether summary judgment was appropriately granted to National Check. In this case, National Check served appellant with a request for admissions. Appellant failed to respond to that request for admissions. After the time allotted for appellant to respond to the request, National Check filed a motion for summary judgment, which among other issues, claimed that appellant's failure to respond to the request for admissions constituted an admission. National Check argued that the admissions so entered entitled National Check to a judgment against appellant as a matter of law. Subsequently, without providing its reasoning, the trial court granted summary judgment in favor of National Check.
 {¶ 19} Civil Rule 36(A) provides in part:
 {¶ 20} "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . .
 {¶ 21} . . .
 {¶ 22} "The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."
 {¶ 23} Accordingly, pursuant to Civ. R. 36, appellant's failure to respond to National Check's request for admissions constituted, admissions of each of the matters addressed in the request for admissions. Further, a review of the request for admissions shows that National Check was entitled to summary judgment.
 {¶ 24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. SeeVahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, (citing Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264).
 {¶ 25} Specifically, the following request for admissions, among others, were admitted:
 {¶ 26} "6. Admit that you owe to Plaintiff the sum of $2014.19 plus interest at the rate of 19.99%. . . .
 {¶ 27} "8. Admit that you have no evidence that you are entitled to any credits, offsets or deductions not already reflected in the balance sued for in Plaintiff's Complaint.
 {¶ 28} "9. Admit that every statement or allegation contained in Plaintiff's Complaint is true and correct.[1]
 {¶ 29} "10. Admit that every statement or allegation contained in Defendant's affirmative defenses and Counterclaim are without factual basis.
 {¶ 30} "11. Admit the Defendant does not have any evidence that Defendant does not owe the balance sued for in Plaintiff's Complaint."
 {¶ 31} In this case, upon review of the facts deemed admitted by appellant, we find that summary judgment was appropriately granted in favor of National Check. Appellant admitted to all necessary elements of the claim.
 {¶ 32} For the foregoing reasons, appellants assignments of error or issues are overruled.
 {¶ 33} The judgment of the Fairfield County Municipal Court is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield Municipal Court is affirmed. Costs assessed to appellant.
[1] Included in the complaint was an allegation that appellant was "an individual who resides and/or maintains an address and/or domicile sufficient to allow this court to maintain jurisdiction and venue of this matter and action."