DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, dismissing a lawsuit for want of subject matter jurisdiction.
 {¶ 2} Appellant, Granville H. McKenzie, and appellee, Norma S. Vickers-McKenzie, are Jamaican nationals, now United States citizens. The couple was married in Jamaica on September 28, 1975, where appellee attended medical school. They relocated to Toledo in 1992. At some point, appellant returned to Jamaica, leaving appellee in their Toledo home.
 {¶ 3} On February 3, 2004, appellee petitioned for a dissolution of marriage in Jamaica. Appellant filed an answer in opposition with the Jamaican court on April 1, 2004. On August 30, 2004, the Jamaican court issued a "decree nisi" of dissolution which became absolute on November 11, 2004.
 {¶ 4} On June 11, 2004, while the Jamaican dissolution was pending, appellant sued appellee for divorce in the Lucas County Court of Common Pleas, Domestic Relations Division. This matter was eventually dismissed for want of subject-matter jurisdiction after the Jamaican divorce was final.
 {¶ 5} It would appear that under Jamaican law, the division of property is a matter separate from a dissolution proceeding. Following the absolute dissolution decree, appellee filed a claim with the Jamaican courts for several pieces of real property to which she claimed ownership. Shortly thereafter, appellant instituted the present proceeding, initially seeking a division of real and personal property and an award of spousal support. With leave, this complaint was later amended to include a count seeking sale of the home held by the parties by survivorship deed and equitable distribution of the proceeds.
 {¶ 6} In the trial court, appellee moved to dismiss appellant's complaint arguing that the court lacked subject matter jurisdiction over the case because 1) it was a domestic relations matter exclusively within the jurisdiction of the domestic relations division; 2) the prior dismissal of appellant's divorce complaint in the domestic relations division was res judicata to the present matter, and 3) appellant was a party to the litigation in Jamaica over the same issues.
 {¶ 7} The trial court granted appellee's motion to dismiss, concluding that it lacked subject matter jurisdiction over the case. From this judgment, appellant now brings this appeal, asserting in a single assignment of error that the trial court's determination that it lacked subject matter jurisdiction was erroneous.
 {¶ 8} Section 4(A) and (B), Article IV of the Ohio Constitution provides that, "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state [and such courts] shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Thus, the common pleas court is a court of general jurisdiction. Hall v.Tucker, 161 Ohio App.3d 245, 263, 2005-Ohio-2674, ¶ 50, citing State exrel. Detroit and T.S.L. Rd. Co. v. Court of Common Pleas of LucasCty. (1967), 11 Ohio St.2d 193, 194.
 {¶ 9} In some Ohio counties, the legislature has carved out divisions of the court of common pleas wherein the judges elected to seats within the division devote their attention to a specified area of the law. For Lucas County, the legislature enacted R.C. 2301.03(D)(1), which designated two judges and their successors who, "* * * shall have the same qualifications, exercise the same powers and jurisdiction, and receive the same compensation as other judges of the court of common pleas of Lucas County and shall be elected and designated as judges of the court of common pleas, division of domestic relations. All divorce, dissolution of marriage, legal separation, and annulment cases shall be assigned to them."
 {¶ 10} A statutory assignment to one division of a court confers on that division exclusive jurisdiction and deprives the court's other divisions, including the general division, of jurisdiction over the same matters. Keen v. Keen, 157 Ohio App.3d 379, 381, 2004-Ohio-2961, ¶ 12.
 {¶ 11} We know of no circumstances wherein spousal support may be awarded outside the statutorily defined areas of domestic relations. Consequently, the trial court properly concluded it was without subject matter jurisdiction over such a matter.
 {¶ 12} With respect to the remainder of appellant's complaint, however, the same is not true. A prayer that jointly held property be sold and the proceeds divided constitutes a request for partition. See Blacks Law Dictionary (6th Ed. Rev. 1990) 1119-1120. Partition is clearly a matter which a court of the general division may determine, see R.C. Chapter 5307, and is properly brought in a county where the land to be partitioned is situated. R.C. 5307.02. Since Lucas County is the situs of the property which the parties hold by survivorship deed, it is the appropriate place to partition such property. Moreover, there is nothing in the record to suggest that any other jurisdiction, foreign or domestic, claims jurisdiction over the parties' Ohio property.
 {¶ 13} The trial court did not address appellant's alternative rationale for dismissal, whether the Civ. R. 12(B)(1) dismissal granted by the domestic relations division acts to prevent further claims that were or could have been raised in that proceeding.
 {¶ 14} Claim preclusion is a branch of the doctrine of res judicata which holds that a valid judgment on the merits bars all subsequent action on claims which were or might have been litigated in the first instance. Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, 133. A Civ. R. 12(B)(1) dismissal, however, is other than on the merits. Civ. R. 41(B)(4); Akron Public Schools v. Cortel (Nov. 8, 1989), 9th Dist. No. 14105. Thus, res judicata is not applicable in this matter.
 {¶ 15} Accordingly, appellant's sole assignment of error is well-taken, in part.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed in part. This matter is remanded to said court for consideration of those causes of action not clearly within the domestic relations division's authority. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.