[Cite as *Henderson v. Shank*, 2021-Ohio-4163.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEROME HENDERSON, | : | APPEAL NO. C-210201 |
| | | TRIAL NO. A-2001111 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SHIRLEY ADELE SHANK, | : | |
| | | |
| Defendant-Appellee, | : | |
| | | |
| and | : | |
| | | |
| MIKE DEWINE, | : | |
| | | |
| ANNETTE CHAMBERS-SMITH, | : | |
| | | |
| STEPHEN GRAY, | : | |
| | | |
| RONALD ERDOS, | : | |
| | | |
| and | : | |
| | | |
| DAVID C. STEBBINS, | : | |
| | | |
| Defendants. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 24, 2021

*Jerome Henderson*, pro se,

*Law Office of S. Adele Shank* and *S. Adele Shank*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}    Jerome Henderson appeals the trial court's entry granting defendant-appellee Shirley Adele Shank's motion to dismiss his 42 U.S.C. 1983 ("Section 1983") civil-rights action.  He challenges the trial court's dismissal of his complaint as well as the trial court's denial of his motion for leave to file an amended complaint.  Finding no merit to Henderson's arguments, we affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶2}    Henderson, who was convicted of aggravated murder and sentenced to death, filed a Section 1983 action against Shank, as well as against Mike DeWine, Governor of Ohio, Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Stephen Gray, Chief Counsel for ODRC, Ronald Erdos, Warden of the Southern Ohio Correctional Facility, and David Stebbins, former counsel for Henderson.  Service was never obtained on Stebbins.

{¶3}    The complaint alleged that Shank, the only appellee to this appeal, violated Henderson's civil rights with respect to her representation of him in state clemency and other proceedings.  Henderson alleged that after Shank was appointed to represent him, the United States Supreme Court issued a decision in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).  In *Martinez*, the court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Id.* at 17.  According to the complaint, Henderson had a meritorious ineffective-assistance-of-trial-counsel claim that had

previously been procedurally defaulted, but was now able to be raised under *Martinez*. The complaint further asserted that Shank violated Henderson's civil rights under Section 1983 when she agreed to litigate Henderson's *Martinez* claim, but abandoned that claim in favor of filing an "inconsequential" second-in-time petition for habeas corpus based on constitutional defects in Ohio's lethal-injection protocol.

{¶4} The complaint additionally alleged that prior to being appointed to represent Henderson, Shank was the former equal opportunity officer and chief counsel for the Ohio Office of the Public Defender and that she resigned from that role in 1992 following the release of a report detailing the entrenched culture of de facto racial discrimination in the public defender's office. According to the complaint, Shank's failure to present any evidence of this racial discrimination in Henderson's clemency application violated his civil rights under Section 1983.

{¶5} Henderson filed a motion to amend the complaint, which the trial court denied. The trial court subsequently granted a motion to dismiss filed by Governor DeWine and a motion to dismiss collectively filed by Chambers-Smith, Gray, and Erdos. These latter motions are not before us.

{¶6} Shank also filed a motion to dismiss Henderson's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted, arguing that Henderson's Section 1983 action was barred by the applicable statute of limitations, that the complaint failed to allege any action under color of law by Shank, and that res judicata barred relief because Henderson's claims were previously raised and rejected in federal court. Shank further argued that Henderson's complaint should be dismissed pursuant to Civ.R. 12(B)(1) for lack of

3

subject-matter jurisdiction because federal courts had already adjudicated the claims raised in Henderson's complaint.

{¶7} The trial court found all arguments made by Shank to be meritorious, and it granted the motion to dismiss.

{¶8} Henderson appeals, arguing in two assignments of error that that the trial court erred in denying his motion for leave to file an amended complaint and that the trial court erred in granting Shank's motion to dismiss. We address these assignments of error out of order.

### *No Action Under Color of Law*

{¶9} In his second assignment of error, Henderson challenges the trial court's granting of Shank's Civ.R. 12(B)(6) motion to dismiss, arguing that the court's findings with respect to the statute of limitations, Shank's lack of action under color of law, res judicata, and his failure to meet the pleading requirements were erroneous. We need not address all of these, because we find one dispositive, lack of action under state law.

{¶10} We review de novo a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Elliot v. Durrani*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, ¶ 7. We must take all factual allegations in the complaint as true and make all reasonable inferences in favor of the nonmoving party. *ISCO Industries, Inc. v. Great Am. Ins. Co.*, 2019-Ohio-4852, 148 N.E.3d 1279, ¶ 10 (1st Dist.). "A complaint should not be dismissed for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 19 (1st Dist.).

**{¶11}** Henderson's claims are all brought pursuant to Section 1983. He argues that that the trial court erred in finding that Shank did not act under color of law. Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**{¶12}** To maintain a Section 1983 cause of action, "two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Crosset v. Marquette*, 1st Dist. Hamilton Nos. C-060148 and C-060180, 2007-Ohio-550, ¶ 14, quoting *1946 St. Clair Corp. v. Cleveland*, 49 Ohio St.3d 33, 34, 550 N.E.2d 456 (1990).

**{¶13}** The law is well-settled that private attorneys assigned to represent indigent defendants do not act under color of state law. *Jones v. Dodge*, 6th Cir. No. 85-1605, 1986 WL 17252 (July 25, 1986); *See Gillespie v. Madison*, N.D.Ohio No. 5:10cv1989, 2010 WL 4065395 (Oct. 15, 2010), quoting *Deal v. Massey & Associates,* E.D.Tenn. No. 1:10-CV-18, 2010 WL 3397681, *4 (Aug. 26, 2010) ("An attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

{¶14} Because Shank was not acting under color of state law when representing Henderson, Henderson's Section 1983 complaint failed to state a claim upon which relief could be granted, and the trial court did not err in granting Shank's motion to dismiss. Henderson's second assignment of error is overruled. As our holding with respect to the lack of action under color of state law is dispositive of this assignment of error, we need not consider Henderson's additional challenges to the trial court's granting of the motion to dismiss.

### Denial of Motion for Leave to Amend Complaint

{¶15} In his first assignment of error, Henderson argues that the trial court erred in denying his motion for leave to file an amended complaint.

{¶16} We review the trial court's ruling on Henderson's motion for an abuse of discretion. *Maas v. Maas*, 2020-Ohio-5160, 161 N.E.3d 863, ¶ 84 (1st Dist.). A trial court should freely give leave to amend a complaint "when justice so requires." *Id.* When ruling on a motion to amend, the trial court should consider "whether the movant made a prima facie showing of support for the new matters sought to be pleaded, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party." *Id.* at ¶ 85. A trial court properly denies a motion to amend the complaint when the amendment sought would be futile. *Id.*

{¶17} Here, Henderson sought to amend the complaint to add "the required 'concurrent' jurisdiction for this state court to entertain such actions under 42 U.S.C.S. Section 1983 provided by 28 U.S.C.S. Section 1343(3)." Such an amendment was unnecessary to trigger the trial court's jurisdiction, as the trial court exercised its concurrent jurisdiction over Henderson's complaint. We therefore find

no abuse of discretion in the trial court's denial of Henderson's motion for leave to amend the complaint.

{¶18} Henderson's first assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.