[Cite as *Tabbosha v. Abdelrehim*, 2025-Ohio-3133.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MONIR TABBOSHA, | : | APPEAL NO. C-250001 |
| | | TRIAL NO. A-2400524 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| LEMIAA ABDELREHIM, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is affirmed as modified for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/3/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *Tabbosha v. Abdelrehim*, 2025-Ohio-3133.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MONIR TABBOSHA, | : | APPEAL NO. C-250001 |
| | | TRIAL NO. A-2400524 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| LEMIAA ABDELREHIM | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: September 3, 2025

*The Quraishi Law Office, LLC*, and *Nadeem Quraishi*, for Plaintiff-Appellant,

*Blake P. Somers, LLC*, and *Blake P. Somers*, for Defendant-Appellee.

**BOCK, Judge.**

**{¶1}** After an Egyptian court ruled that plaintiff-appellant Monir Tabbosha and defendant-appellee Lemiaa Abdelrehim were married under Egyptian law, Tabbosha filed a complaint in the General Division of the Hamilton County Court of Common Pleas seeking a declaratory judgment that he was not married to Abdelrehim. The trial court granted Abdelrehim's motion to dismiss, finding that there was no actual controversy at issue in the case and that Tabbosha's claims were barred by res judicata. Tabbosha appeals, arguing that the trial court misapplied the law.

**{¶2}** The trial court lacked jurisdiction to entertain portions of Tabbosha's declaratory-judgment request and should have dismissed that part of the complaint without reaching the merits. Because a special statutory proceeding governs much of the relief Tabbosha seeks—an annulment—he cannot circumvent that proceeding through a declaratory judgment. We therefore modify the trial court's judgment to reflect that Tabbosha's third, fourth, and fifth requests for declaratory relief are dismissed for lack of subject-matter jurisdiction. The trial court properly dismissed the remainder of Tabbosha's complaint. We affirm the trial court's judgment as modified.

## I. Factual and Procedural History

**{¶3}** In 2019, Tabbosha and Abdelrehim had "a brief extra-marital relationship" that resulted in the birth of a child. Tabbosha had been married to a different woman since May 2003.

### Egyptian proceeding

**{¶4}** In 2021, Abdelrehim, a citizen of Egypt, initiated a legal proceeding in Cairo, Egypt, "seeking a finding that she and [Tabbosha] were in a 'common-law marriage'" under Egyptian law. In the Egyptian case, Abdelrehim produced an

3

"Islamic Marriage Certificate" from Michigan containing Tabbosha's purported signature.

{¶5} Tabbosha, however, alleged that his signature had been forged. While he acknowledged that he was the child's father, Tabbosha denied that he was married to Abdelrehim, noting that he had been married to his wife since 2003.

{¶6} The Egyptian court determined that the Islamic Marriage Certificate was a forgery. Nevertheless, it held that Tabbosha and Abdelrehim were in a "marital relationship" under "Islamic law." Tabbosha unsuccessfully appealed the decision.

Hamilton County proceedings

{¶7} In February 2024, after the Egyptian court proceedings concluded, Tabbosha filed his declaratory-judgment action in the Hamilton County Court of Common Pleas, General Division. He alleged he was entitled to a judgment declaring that (1) the English version of the "Islamic Marriage Certificate" was forged, (2) the Arabic version of the "Islamic Marriage Certificate" was forged, (3) the "Islamic Marriage Certificate" did not establish a legal marriage under Ohio law, (4) the Egyptian court ruling did not establish a marriage under Ohio law, and (5) Tabbosha and Abdelrehim are not married, or alternatively, that the Egyptian court's finding of marriage was void as a matter of law.

{¶8} Tabbosha attached to the complaint copies of the original and translated versions of the Egyptian lower court and appellate judgments. His complaint alleged that neither he nor Abdelrehim had ever resided in Michigan and Abdelrehim never obtained a marriage license as required under Michigan law. Tabbosha also asserted that he had initiated child-support and shared-parenting actions in Hamilton County and that he had been paying Abdelrehim about $4,000 each month in child support.

{¶9} Abdelrehim moved to dismiss Tabbosha's complaint under Civ.R.

12(B)(6). Her motion asserted that (1) Tabbosha's claims that the Islamic Marriage Certificate was forged and that he and Abdelrehim were not married were barred by res judicata, and (2) Tabbosha's claims that the "Islamic Marriage Certificate" and the Egyptian court rulings do not establish a marriage under Ohio law failed to allege an actual controversy for the purpose of a declaratory judgment.

{¶10} Tabbosha moved for leave to amend his complaint, seeking to add allegations that Abdelrehim had since initiated additional proceedings in Egypt, in which she sought spousal support and child support from Tabbosha.

{¶11} The trial court granted Abdelrehim's motion to dismiss and denied Tabbosha's motion for leave to amend. The court held that while there was no question that a person could not be married to multiple people under Ohio and Michigan law, Abdelrehim "ha[d] not sought a declaration in Ohio that she is married to Plaintiff, nor has she sought spousal support." The court also found that Tabbosha's claims were barred "by collateral estoppel and the judgment of the Egyptian Court is res judicata."

{¶12} Tabbosha appealed.

## II. Analysis

{¶13} In three assignments of error, Tabbosha asserts that the trial court erred by (1) denying his motion for leave to amend, (2) finding no "justiciable controversy," and (3) dismissing the action based on res judicata. We address these assignments out of order.

## A. Jurisdiction

{¶14} After briefing was complete, we ordered the parties to file supplemental briefing on whether the General Division of the Hamilton County Court of Common Pleas had jurisdiction to render a declaratory judgment that a purported marriage did not occur. *See Kennedy v. Dottore*, 2020-Ohio-3451, ¶ 15 (8th Dist.) ("Lack of subject

matter jurisdiction may be raised sua sponte by the court at any stage of the proceeding."). After reviewing the relevant law, we conclude that the General Division of the Court of Common Pleas did not have jurisdiction.

### 1. Tabbosha's complaint primarily sought an annulment

{¶15} First, we consider the nature of Tabbosha's complaint. He attempts to frame his declaratory-judgment action as simply a request for a declaration that he is not married to Abdelrehim. But "[a]t its core," what he seeks is a request for an annulment. *Herring v. Coleman*, 2023-Ohio-3245, ¶ 13 (8th Dist.).

{¶16} Tabbosha's complaint requested five declarations. Three of the requests asked for a declaration that a legal marriage between Abdelrehim and Tabbosha had not been established, or, alternatively, that the marriage was void as a matter of law.

{¶17} Annulments differ from divorces—whereas a divorce terminates an existing legal marriage, an annulment establishes that the parties were never in fact married. *Nixon v. Day*, 2019-Ohio-3335, ¶ 19 (5th Dist.). Moreover, bigamous marriages are void ab initio and accordingly never legally existed. *Carnes v. Carnes*, 2015-Ohio-2925, ¶ 16 (1st Dist.); *Bubsey v. Oleyar*, 2000 Ohio App. LEXIS 2255, *4 (8th Dist. May 25, 2000); *see White ex rel. White v. Conrad*, 2005-Ohio-17, ¶ 9 (9th Dist.) ("an annulment decree renders a marriage invalid from its inception. . . Accordingly, the annulled marriage is treated as though it never existed."). Domestic-relations courts are equity courts and have the power to declare a marriage void ab initio if they determine that a purported marriage is invalid. *Trunk v. Coleman*, 2024-Ohio-470, ¶ 51 (8th Dist.).

{¶18} Annulment actions have been used to achieve relief similar to that sought by Tabbosha in this case. In *Trunk*, Coleman filed an ex parte petition in California to establish a marriage between Coleman and Trunk. *Id.* at ¶ 2. Despite

Coleman's failure to serve Trunk, the California court granted the petition. *Id*. Trunk brought an annulment action in an Ohio domestic-relations court, asking the court to declare the purported marriage a nullity. *Id*. at ¶ 3. Because the plaintiff did not consent to the purported marriage, the court held that the marriage was void ab initio and that the trial court properly granted an annulment. *Id*. at ¶ 55.

**{¶19}** Tabbosha challenges the Egyptian court's determination that he is married to Abdelrehim based on his not consenting to the marriage and because he was already married. Had the trial court proceeded to the merits of Tabbosha's claim for a declaratory judgment, the trial court would have been required to apply Ohio's statutes governing the validity of marriages and annulments to determine if Tabbosha and Abdelrehim were married. Therefore, Tabbosha's requested relief through his declaratory-judgment action was an annulment.

## 2. *Subject-matter jurisdiction*

**{¶20}** A court has subject-matter jurisdiction where it has "the constitutional or statutory power to adjudicate a particular class or type of case." *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 36.

**{¶21}** The Ohio Constitution and the Ohio Revised Code define a domestic-relations court's subject-matter jurisdiction. First, the Ohio Constitution provides, "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, art. IV, § 4(B). The Supreme Court of Ohio has held that "provided by law" means that common pleas courts' subject-matter jurisdiction "is defined entirely by statute." *State v. Wilson*, 73 Ohio St.3d 40, 42 (1995).

**{¶22}** R.C. 3105.011, which governs courts' jurisdiction over "domestic

7

relations matters," provides, "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011(A). Included in "domestic relations matters" are any proceedings under R.C. Ch. 3105. R.C. 3105.011(B)(2). And, as annulments are governed by R.C. Ch. 3105, they are "domestic relations matters." *Id.*; R.C. 3105.31 to 3105.34.

{¶23} The Hamilton County Court of Common Pleas, Domestic Relations Division was established by R.C. 2301.03(B)(2). That same subsection provides that the Hamilton County Court of Common Pleas, Domestic Relations Division "shall have assigned to [it] all . . . annulment cases coming before the court."

{¶24} That the statute assigns all annulment cases to the domestic-relations court is significant because "[a] statutory assignment to one division of a court confers on that division *exclusive jurisdiction* and *deprives the court's other divisions, including the general division*, of jurisdiction over the same matters." *McKenzie v. Vickers-McKenzie*, 2006-Ohio-7005, ¶ 10 (6th Dist.), citing *Keen v. Keen*, 2004-Ohio-2961, ¶ 12 (2d Dist.); *see Buckingham v. Buckingham*, 2018-Ohio-2038, ¶ 6 (2d Dist.); *see also State ex rel. Heyside v. Calabrese*, 2022-Ohio-1245, ¶ 18 (8th Dist.).

### 3. *Herring v. Coleman*

{¶25} In *Herring v. Coleman*, 2023-Ohio-3245 (8th Dist.), the court held that the General Division of the Cuyahoga County Court of Common Pleas lacked jurisdiction over Herring's request for a declaratory judgment that he was not married to Coleman. *Id.* at ¶ 13. Herring alleged that Coleman had initiated a divorce action in Nevada, which asserted that the two were married. *Id.* at ¶ 2. Herring brought a declaratory-judgment action in Cuyahoga County's general division, seeking to establish that no marriage had ever existed between the parties. *Id.* The *Herring* court

8

explained that R.C. 2301.03(L)(1), which established the Cuyahoga County Court of Common Pleas' domestic relations division, provides domestic-relations courts "with jurisdiction over all marriage-related cases." *Id.* at ¶ 10, citing *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 197 (2011).

**{¶26}** The *Herring* court concluded that "[a]t its core," Herring's complaint sought a judgment determining whether a valid marriage existed between he and Coleman. *Herring* at ¶ 13. The court determined that the general division lacked jurisdiction over marriage-related matters, and therefore, the trial court correctly dismissed the complaint for lack of jurisdiction. *Id.* at ¶ 13-14.

### 4. The trial court lacked jurisdiction

**{¶27}** The facts in *Herring* are nearly identical to those in this case. But the statute establishing Hamilton County's domestic-relations court is different from the statute establishing Cuyahoga County's domestic-relations court.

**{¶28}** R.C. 2301.03(L)(1) grants Cuyahoga County's domestic-relations division "all the powers related to" domestic-relations matters. But R.C. 2301.03(B)(2) provides that the Hamilton County domestic-relations division "shall have *assigned* to them all divorce, dissolution of marriage, legal separation, and annulment cases coming before the court." (Emphasis added.)

**{¶29}** As discussed above, a "statutory *assignment* to one division of a court confers on that division *exclusive jurisdiction* and *deprives* the court's other divisions, including the general division, of jurisdiction over the same matters." (Emphasis added.) *McKenzie*, 2006-Ohio-7005, at ¶ 10 (6th Dist.), citing *Keen*, 2004-Ohio-2961, at ¶ 12 (2d Dist.); *see Buckingham*, 2018-Ohio-2038, at ¶ 6 (2d Dist.); *see also Heyside*, 2022-Ohio-1245, at ¶ 18 (8th Dist.).

9

{¶30} R.C. 2301.03(B)(2) unequivocally *assigns* to the Hamilton County Court of Common Pleas, Domestic Relations Division, "all . . . annulment cases coming before the court." Therefore, we hold that the domestic-relations division has exclusive jurisdiction over annulments, and the trial court lacked jurisdiction to issue an order that effectively would have annulled Abdelrehim and Tabbosha's purported marriage.

## 5. *Declaratory judgment cannot bypass special statutory proceedings*

{¶31} Tabbosha filed a declaratory-judgment action seeking an order stating that his and Abdelrehim's purported marriage had never been established and was void. But declaratory-judgment actions cannot circumvent an area where a special statutory proceeding has been established. *See State ex rel. Albright*, 60 Ohio St.3d 40, 42 (1991) ("[I]t is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings . . . We find this tantamount to a holding that courts have no jurisdiction to hear the actions in the first place, and now so hold."); *see also Jones v. Jones*, 115 Ohio App. 358, 365 (8th Dist. 1962) ("The defendant should not be permitted to seek affirmative relief (that is, a declaratory judgment as to the marital status of the parties) as a matter of defense in an action pending against him in a case where there are special statutes upon the authority on which the plaintiff's petition must be based and the trial of such issues had when lawfully presented are specifically provided for by statute."); *Comer v. Bench*, 2003-Ohio-2821, ¶ 14 (2d Dist.) ("R.C. 2721.02 provides that 'courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.' However, where a special statutory method for determining a particular type of case is provided, it cannot be bypassed in favor of a declaratory judgment action.").

{¶32} No common-law divorces, dissolution, or annulments are legal in Ohio.

*Nixon*, 2019-Ohio-3335, at ¶ 20 (5th Dist.); *see State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994), quoting *Jelm v. Jelm*, 155 Ohio St. 226, 231 (1951) ("'There was no common-law right of divorce.'"). Instead, divorces, annulments, and other related domestic-relations matters are a product of statute in Ohio. *See Papp at* 379 (explaining that divorce has been described as a "special statutory proceeding."). As such, a "special statutory method" governs Ohio annulments. As Ohio's annulment statute established a special statutory proceeding, parties may not bypass it via a declaratory-judgment action. In Hamilton County, the domestic-relations division has exclusive jurisdiction over annulment actions.

**{¶33}** We hold that the trial court lacked jurisdiction to entertain Tabbosha's declaratory-judgment action to the extent it sought a declaration amounting to an annulment. We modify the trial court's judgment to reflect that Tabbosha's third, fourth, and fifth requests for relief are dismissed for lack of subject-matter jurisdiction. *See* App.R. 12(A)(1)(a).

**{¶34}** Our holding that the trial court lacked jurisdiction to consider whether Tabbosha and Abdelrehim were validly married disposes of Tabbosha's second assignment of error, so we overrule the second assignment of error.

**B. Tabbosha's remaining claims**

**{¶35}** The trial court granted Abdelrehim's motion to dismiss in part because it determined that Tabbosha's claims were barred by res judicata. Tabbosha asserts in his third assignment of error that the trial court abused its discretion by dismissing the action based on res judicata without considering comity or public policy.

**{¶36}** Above, we determined that the trial court lacked jurisdiction over only the portion of Tabbosha's action that, at its core, sought an annulment. Accordingly, we consider only the two remaining requests for relief: Tabbosha sought judgments

11

declaring that his signature was forged on the Islamic Marriage Certificate. The trial court determined that Tabbosha was attempting to relitigate the issues decided by the Egyptian court and concluded that his claims were barred by collateral estoppel and res judicata.

{¶37} But on these remaining requests for relief, the Egyptian court did exactly what Tabbosha asked the trial court to do: it determined that Tabbosha's signature on the Islamic Marriage Certificate had been forged.

{¶38} "It is axiomatic that a reversal may only be rendered for errors that caused prejudice to the complaining party." *Natl. Check Bur., Inc. v. Woodgeard*, 2006-Ohio-140, ¶ 17. Tabbosha cannot show that he suffered any prejudice resulting from the trial court's dismissing the portion of the complaint seeking declarations that his signature was forged. He has already been granted the exact relief he seeks.

{¶39} We overrule the third assignment of error.

## C. The trial court acted within its discretion when it denied Tabbosha's motion for leave to amend

{¶40} Tabbosha's first assignment of error argues that the trial court abused its discretion by denying his motion for leave to amend his complaint. We review the trial court's ruling on a motion for leave to amend a complaint for an abuse of discretion. *Henderson v. Dewine*, 2022-Ohio-1025, ¶ 15 (1st Dist.). A trial court abuses its discretion by "exercis[ing] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. A trial court acts within its discretion by denying leave to amend a complaint if the amendment would be futile. *Hensley v. Durrani*, 2013-Ohio-4711, ¶ 14 (1st Dist.).

{¶41} Tabbosha sought to amend his complaint to include allegations that

Abdelrehim had filed a subsequent action for spousal and child support in Egypt, which he asserts demonstrates a justiciable controversy. But these allegations would not confer subject-matter jurisdiction on the trial court. Therefore, Tabbosha's proposed amendment would be futile.

**{¶42}** The trial court did not abuse its discretion by denying leave to amend and we overrule Tabbosha's first assignment of error.

### III. Conclusion

**{¶43}** We overrule Tabbosha's assignments of error and affirm the trial court's judgment as modified to reflect that Tabbosha's third, fourth, and fifth requests for relief are dismissed for lack of subject-matter jurisdiction. We affirm the remainder of the trial court's judgment.

Judgment accordingly.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.